George Anthony Bleus, Esq (20279)
Bleus & Associates, LLC
6624 Gulton Court, NE
Albuquerque, NM 87109
Phone: (505) 884-9300

Attorneys for the PLAINTIFFS

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| GHOLAMALI HALVAEI,<br>FAYE HALVAEI, and<br>NJA PLUMBING & HEATING, INC. | )<br>)<br>) Case No.: 1:25- CV- 01169-MIS-SCY<br>)<br>) |
| Plaintiff(s), | ) |
| vs. | ) **FIRST AMENDED COMPLAINT FOR**<br>) **BREACH OF CONTRACT, BREACH OF** |
| DRAKE CONSTRUCTION, LLC;<br>NATE NEUVIRTH; JEFFREY HOFF;<br>MIKE NEUVIRTH; CORECIVIC, INC.; and<br>JOHN AND JANE DOE'S 1-10 | ) **THE COVENANT OF GOOD FAITH AND**<br>) **FAIR DEALING, FRAUDULENT**<br>) **MISREPRESENTATION, UNJUST**<br>) **ENRICHMENT AND QUANTUM MERUIT** |
|  | ) |
| Defendant(s). | )<br>)<br>) |

**NOW COME** Plaintiffs Gholamali Halvaei, Faye Halvaei, and NJA Plumbing & Heating, Inc. ("Plaintiffs"), by and through their attorneys (Bleus & Associates, LLC), and for their First Amended Complaint, hereby state:

1.      Plaintiff Gholamali Halvaei was at all times relevant and material hereto, a resident of the City of Edgewood, County of Santa Fe, State of New Mexico.

2.      Plaintiff Faye Halvaei was at all times relevant and material hereto, a resident of the City of Edgewood, County of Santa Fe, State of New Mexico.

3.      Plaintiff NJA PLUMBING & HEATING, INC ("NJA"), is a domestic for-profit corporation licensed and authorized to do business in the State of New Mexico.

4.      Upon information and belief, Defendant Drake Construction, LLC ("Drake"), was at all times relevant and material hereto, a foreign for-profit company, incorporated in the state of Wyoming, and authorized to do business in the State of New Mexico, and whose statutory registered agent for service of process is ("Corporation Service Company") located in Hobbs, New Mexico.

5.      Upon information and belief, Defendant Nate Neuvirth ("Nate Neuvirth"), was at all times relevant and material hereto, a resident of the City of Fort Collins, State of Colorado. Nate Neuvirth is an employee or agent of Defendant Drake Construction, LLC. Nate Neuvirth is over the age of 18 and is not actively enlisted in any branch of the military.

6.      Upon information and belief, Defendant Jeffrey Hoff ("Hoff"), was at all times relevant and material hereto, a resident of the City of Fort Collins, State of Colorado. Jeffrey Hoff is the president of Defendant Drake Construction, LLC. Jeffrey Hoff is over the age of 18 and is not actively enlisted in any branch of the military.

7.      Upon information and belief, Defendant Mike Neuvirth ("Mike Neuvirth"), was at all times relevant and material hereto, a resident of the City of Fort Collins, State of Colorado. Mike Neuvirth is an employee or agent of Defendant Drake Construction, LLC. Mike Neuvirth is over the age of 18 and is not actively enlisted in any branch of the military.

8.      Upon information and belief, Defendant CoreCivic, Inc. ("CoreCivic") is a foreign for-profit Corporation authorized to do business in the State of New Mexico with a statutory registered agent for service of process ("Kennedy, Moulton & Wells, P.C."), located in the City of Albuquerque, County of Bernalillo, State of New Mexico.

9.      Upon information and belief, CoreCivic is a private corporation in the United States that specializes in the management and operation of correctional and detention facilities. Formerly

- 1 -
FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

known as the Corrections Corporation of America ("CCA"), it is believed that Defendant rebranded as CoreCivic in 2016.

10.     Upon further information and belief, Defendant CoreCivic operates prisons, federal immigration detention centers throughout the United States, and other correctional facilities on behalf of federal, state, and local governmental entities, as well as for various agencies. Overall, the Company has been a significant player in the privatization of prisons and the outsourcing of correctional services in the United States.[1]

11.     At the time of the occurrence made the basis of this lawsuit, Defendant CoreCivic owned and operated a correctional facility located in the Town of Estancia, Torrance County, New Mexico referred to as the Torrance County Detention Facility ("TCDF"). Generally, the Torrance County Detention Facility is responsible for the custody, care, and control of detainees and inmates within its jurisdiction.

12.     Upon information and belief, John and Jane Doe Defendants 1-10 are presently unidentified individuals, agents, contractors, or entities (who are presently unknown), but are believed to have caused, committed, or contributed to, the wrongful act or omissions, which caused Plaintiffs to incur injuries and related damages connected to this cause of action. If/when these Defendants' true identities become known and/or ascertained, Plaintiffs will seek leave of the Court to further amend the instant Complaint to add or join the presently unidentified parties, entities, and claims to the subject lawsuit.

13.     At all times relevant and material, all employees, servants, agents, representatives, contractors, and/or principles of Defendants CoreCivic and Drake Construction, acted within the course and scope of their relationship with said Defendants, and acted with apparent or constructive

---

[1] *See* https://en.wikipedia.org/wiki/CoreCivic (last visited January 12, 2024).

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

authority as Defendants' owners, partners, agents, servants, joint ventures, managers, supervisors, employees, employers, contractors and/or representatives. Thus, every agent and/or principal of Defendants is/are responsible for the other's conduct and is vicariously responsible for the conduct of the agent, employee and/or principle of the other Defendants.

14.    That the acts and/or omissions made the basis of this Amended Complaint were known to; authorized; directed; and/or ratified (individually and collectively), by Defendants and/or any of the individual Defendants named herein.

15.    That all acts and/or omissions complained of herein, were committed by the agents, servants, representatives, designees, employees, contractors, and/or independent contractor agents, of the Defendants for which the Defendants are vicariously liable pursuant to the doctrine of *respondeat superior or an agency/joint venture theory*.

16.    That all of the significant damages, suffered by the Plaintiffs are due solely and proximately to the negligent acts and/or reckless conduct of the Defendants (individually and collectively), without any contributing negligence on the part of any Plaintiff.

17.    That prior to, and on the date of the occurrence underlying this lawsuit, Defendant(s) had a non-delegable duty. The duty created by their relationships with any other Defendant named herein is also non-delegable.

18.    As a result, Defendants are therefore jointly and severally liable for all damages incurred by, or caused to, the Plaintiffs arising from the occurrence.

19.    That to the extent one Defendant seeks to hold any other Defendant named herein, its servants, agents, representatives, independent contractors, employees, and/or any other third-party liable for the Plaintiffs' extensive damages, Defendants are jointly and severally liable with them all, and with any other persons or entities to which its non-delegable duties apply.

20.     That the acts and omissions complained of herein occurred within the Counties of Santa Fe, and Torrance, New Mexico.

21.     That jurisdiction and venue of the state district court is proper in the First Judicial District Court of Santa Fe County, State of New Mexico, pursuant to Section 38-3-1 NMSA 1978.

## STATEMENT OF MATERIAL FACTS
## COMMON TO ALL COUNTS

22.     Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as if fully set forth herein.

23.     The acts or omissions at issue in this lawsuit arose from contracting services performed by Plaintiffs on the mobile home park known as "Salt Missions RV & Mobile Home Park" (subject "Property"), located at 600 4th Street, Space 60, in the Town of Estancia, State of New Mexico, in 2022.

24.     That upon information and belief, in 2022, the subject Property was owned, leased, and/or managed by Defendant CoreCivic.

25.     In 2022, the subject Property was intended to serve as a staff housing unit (aka "mancamp") for Defendant CoreCivic employees and agents.

26.     That at all times relevant and material hereto, Defendant CoreCivic owned, leased, and/or managed the Torrance County Detention Facility ("TCDF"), on a concession basis, meaning that the company was granted the authority by a government entity or a federal, state, or local body with relevant authority to manage and operate the facility.

27.     That CoreCivic was given contractual permission and/or authorization to provide correctional and detention services at the TCDF. In return for this concession, it is believed that CoreCivic would receive compensation or payments from the governmental entity or agency that granted the concession.

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

28.    That upon information and belief, Defendant Drake Construction was retained and contracted by Defendant CoreCivic to supervise or manage the construction work performed at the subject Property ("mancamp").

29.    That in 2022 and at all times relevant and material hereto, Plaintiffs Gholamali Halvaei and Faye Halvaei were the lawful owners and operators of NJA Plumbing & Heating, Inc, a New Mexico Corporation.

30.    That Plaintiff Gholamali Halvaei is a contractor duly licensed by the New Mexico Construction Industries Division and the secretary of state for the State of New Mexico.

31.    At all times relevant and material hereto, Defendant Drake Construction formally subcontracted NJA and the Halvaei Plaintiffs to work on the subject Property -to set all the plumbing at the newly built CoreCivic barracks located in Estancia New Mexico, with contractual obligations and a promise of full compensation once the work had been completed by NJA.

32.    That Defendant Drake Construction agreed to compensate Plaintiffs in full for traveling to-and-from the subject Property, and to pay for the costs of materials and labor associated with contracted work performed by NJA at the subject Property.

33.    That a valid contract existed between Drake Construction and the Plaintiffs concerning the services performed on the subject Property beginning on or about August 31, 2022.

34.    On or around August 31, 2022, Plaintiffs began providing contractor services (plumbing and related work) on the subject Property as authorized by Defendant president Jeff Hoff, and directed by Defendants Nate Neuvirth and Mike Neuvirth. Further and additional direction was provided by Drake Construction employee, Kelley Slentz ("Slentz").

35.    That these services sought by Defendants to be completed by the Plaintiffs encompassed various projects, including, but not limited to: (i) the installation and connection of

various water lines and sewer lines, (ii) sewer taps, (iii) water taps, (v) as well as the placement of shut-off valves for around twenty-one apartment/facility units.[2]

36.    That Plaintiff NJA also engaged in, and conducted additional work including but not limited to: (a) installing access panels for the apartments/units, (b) conducted repairs and replacement of cartridges in twenty-one showers, (c) addressed *multiple* underground water leaks, (d) ensured water was supplied to each mobile home correctly and completely, (e) implemented traffic-safe curb stops, (f) repaired approximately six (6) water heaters, (g) installed three (3) in-ground frost-free hydrants, (h) facilitated the installation of dryer vents, and (i) added sewer clean-outs, at the subject Property.

37.    That Plaintiffs provided the time, materials, and labor and procured equipment and requisite materials needed to perform the contractual services at the subject Property.

38.    That the services (described in paragraphs No. 31-37) performed by Plaintiffs were consistent with the anticipated service types expected by Defendants Drake Construction and CoreCivic.

39.    That before Plaintiffs started working at the subject Property, Defendants provided patently false information about project conditions (*i.e.* the scope of what was needed and to what extent) and generally failed to disclose other essential (and critical) facts, which ultimately drove up the estimated costs needed to finish/complete the work at the subject Property.

40.    That Defendants further ***unilaterally*** changed the scope, terms and conditions of the contracted work, which needed to be performed at the subject Property (well after substantive work had already begun by Plaintiffs), and Defendants arbitrarily refused to pay for the extra materials and

---

[2] For *example*, on (07/05/2022), Drake Construction Superintendent emailed Plaintiffs' indicating, "Please see the attached plans for out (sic) Torrence Trailer Project for estimate. We would need main water supply hookup sever, as well as 2" lines for fire supply interior needing a few remodel changes as well. Let me know if you have any questions.  Thank you. Nate Neyuvirth, Superintendent.

- 6 -

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

labor hours needed for Plaintiffs to accommodate the changes that Defendants required (and added after work had already begun).

41.    After completion of the contracted work (on August 29, 2022), including the additional work not previously disclosed at the start of the project, Defendant Drake retained the services of **another** vendor/company to install a fire suppressant system at the facility.

42.    The company hired by Defendants to complete that project broke the water supply line that Plaintiffs had previously installed (on two separate occasions). Nonetheless, despite the fact that Plaintiffs had not been paid for the previous work, Plaintiffs were called on both occasions to repair the damaged lines stemming from the unsatisfactory work conducted by the other vendor company.

43.    Each visit took approximately four (4) hours to effectively resolve the problem caused by the other vendor company.

44.    That despite attending to Defendants' problem(s) to repair the damaged water lines on the two separate occasions, Plaintiff was still owed payment for their previous completed work and Defendants failed to pay or reimburse Plaintiffs for the two (2) new service calls (in any manner).

45.    That Defendants conduct was unfair, unlawful, and knowingly deceptive.

46.    That Defendants conduct was driven by greed, racial animus, and with a corporate profit motive in mind.

47.     That at the time of the engagement with Plaintiffs, Defendants CoreCivic and Drake Construction failed to disclose the various repairs necessary to complete the project and Defendants further failed to account for the poor condition of the subject Property that would inherently hinder completion of the project within the time allotted under contract.

48.    Furthermore, Defendants (individually and collectively) refused to pay for the additional materials and labor needed to deal with the undisclosed issues that arose during the project and fore which Defendants failed to disclose.

- 7 -

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

49.     That on November 3, 2022, Plaintiffs served Defendants Nate Neuvirth and Drake Construction, LLC with a formal demand for payment. Plaintiff NJA Heating & Cooling, Inc's correspondence warned Defendants that if payment was not timely made, they would have to retain an attorney and seek redress through a court of law.[3]

50.     That Plaintiffs tendered all documents to Defendants itemizing labor, materials, costs, expenses, etc., connected to the project and their completed work. Nonetheless, Defendants continually attempted to force Plaintiffs into taking far less than they were lawfully owed.

51.     That as late as October 1, 2022, at 9:01 am, October 23, 2022 at 9:12 am, and October 26, 2022, at 7:12, am, Plaintiffs exchanged text messages and emails with Defendant Mike Neuvirth, seeking to be paid for their work engagement, to no avail.

52.     That Defendants Jeff Hoff, Nate Neuvirth and Mike Neuvirth continually stalled, then ultimately ignored Plaintiffs' repeated attempts at payment, absent lawful grounds.

53.     That Defendants deliberately sought to leverage non-payment to forcing Plaintiffs to accept much less than they were actually owed.

54.     That in speaking with other vendor company's it became reasonably apparent that Caucasian vendors were seemingly paid in full upon completion of their work.

55.     That Plaintiff NJA invoiced/billed Defendants the total sum of Forty Six Thousand Two Hundred Seven Dollars and Thirty Five Cents ("**$ 46,207.35**+"), of which only a small fraction

---

[3] "Mr. Neuvirth: On September 29, 2022, work was completed at Salt Missions RV Park in Estancia, NM." "I am requesting that payment be made in full." "Should you choose not to fulfill your obligations, I will proceed with the necessary actions available to me. This includes, but not limited to hiring an attorney. If this becomes necessary and the matter ends up being decided in a court of law, you will become responsible for attorney costs, court fees and any other costs associated with my attempt to collect the money owed to NJA Plumbing Heating and Cooling, Inc." ... "I will expect payment to be paid in full by November 13, 2022. Should I not receive the full amount owed, I will proceed as indicated at the earliest possible date."

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

of the outstanding invoice ("debt") has been paid to date in the amount of Six Thousand Eight Hundred Nine Dollars and Thirty Five Cents **("$ 6,809.35"),**[4] [excluding accrued interest to date].

56.    That the deficient payment made to date by Defendants represents a gross underpayment of the complete outstanding billing and related charges accrued, arising under contract for the work performed.

57.    That nearly three-and-a-half years (3.5) have passed since Plaintiffs made demand for their outstanding balance, to no avail.

58.    That Plaintiffs are entitled to full and final payment of the total amount due, including interest, fees, costs (including attorney fees), and related damages accrued to date, to be proven at trial.

59.    That Plaintiffs are entitled to attorneys fees and costs in connection with the pursuit of the instant action, in an amount to be proven at trial.

<u>**COUNT I**</u>

**BREACH OF CONTRACT**
(ALL DEFENDANTS)

60.    Plaintiffs repeat, re-allege, and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

61.    A valid contract existed at the time that Plaintiffs provided plumbing/construction services to Defendants CoreCivic and Drake Construction on the mobile home park known as "Salt Missions RV & Mobile Home Park" located at 600 4th Street, Space 60, in the Town of Estancia, subject Property ("mancamp"), in 2022.

62.    That Plaintiffs fulfilled their part of the contractual agreement and obligation by completing plumbing and construction work at the subject Property.

---

[4] See, Drake Construction, LLC draft #1563 dated 08/26/2022, payable to NJA Plumbing.

- 9 -

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

63.     Plaintiffs further completed <u>additional work</u> to resolve problems caused by a different contractor vendor at the subject Property.

64.     Defendants have not claimed that the work rendered at the Property by Plaintiffs was deficient, incomplete or unsatisfactory.

65.     Nonetheless, Defendants have not tendered full and complete payment to Plaintiffs for the scope of their work performed at the subject Property arising under contract.

66.     That Defendants have not fulfilled their contractual duties and obligation to Plaintiffs.

67.     As a result, Defendants (individually and collectively) are in breach of contract.

68.     That Plaintiffs are significantly prejudiced by Defendants' breach of contractual obligations, and that the breach has been long-standing for nearly three-and-a-half years.

69.     That as a result, Plaintiffs have suffered extensive damages from Defendants' ongoing breach.

70.     Therefore, Plaintiffs are entitled to full payment of the amount due to them with interest, fees, and costs arising under policy, in an amount to be proven at trial.

## COUNT II

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(ALL DEFENDANTS)

71.     Plaintiffs repeat, re-allege, and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

72.      The agreement between Defendants and Plaintiffs imposed upon the parties the duty of good faith and fair dealing in its performance and enforcement.

73.     The covenant of good faith and fair dealing requires that neither party do anything which will deprive the other of the benefits of the agreement.

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

74.    Plaintiffs have submitted multiple itemized billing invoices to Defendants demanding full payment for the work performed on the subject Property arising under contract.

75.    That to date, Defendants (individually and collectively) have refused to pay in-full for the services performed by Plaintiffs.

76.    That Defendants have attempted to justify their breach of contract on the basis that Plaintiffs failed to submit an itemized bill that conforms to their arbitrary standards not recognized by the industry.

77.    Plaintiffs tried to meet Defendants' demands by submitting and re-submitting itemized billing invoices to Defendants Jeff Hoff, Nate Neuvirth and Mike Neuvirth to no avail.

78.    To date Defendants CoreCivic and Drake Construction have refused to pay Plaintiffs in full for the services performed on the Property as detailed and described above.[5]

79.    Defendants violated the covenant of good faith and fair dealing in one or more ways, including but not limited to:

- Refusing to honor the terms of the contract;

- Unilaterally and arbitrarily enforcing selective terms of the contract that benefit Defendants only, while ignoring those terms of the contract that benefit Plaintiffs (such as full payments in a timely manner, upon completion of a job);

- Engaging in unfair and deceptive practices such as deliberately providing false justification for refusing to pay (such as forcing Plaintiffs to submit itemized bills that conform to arbitrary standard not recognized in the industry);

---

[5] It is anticipated that additional and critical information will be further revealed during the discovery period in litigation and by and through sworn depositions.

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

- Intentionally stalling and delaying payments in order to benefit themselves from the protracted delay (for a corporate and personal profit motive);

- Compelling Plaintiffs to expend costs and resources, including attorney fees, to pursue payment, *via* formal litigation, for full and final payment, which should have been received promptly;

- Stalling and delaying payments to Plaintiffs absent a valid or lawful reason and in bad faith, causing financial strain and damage to Plaintiffs' ability to pay their suppliers and employees, which damages Plaintiffs' business reputation, and hindered future work prospects;

- Providing deliberately false information about project conditions (i.e. what needed to be done and to what extent) and other essential factors that invariably drove-up the costs and expenses needed to complete the project at the subject Property;

- Unilaterally changing the terms of the contractual agreement after the work at the subject Property had already begun and/or substantively completed; and

- Manufacturing requirements that did not exist at the time the contract was agreed upon and insisting that such requirements must be met by Plaintiff for full payments by Defendants.

80.    That Defendants knowingly and deliberately deprived Plaintiffs of the benefits of their contractual agreement.

81.    In doing so, Defendants herein (individually and collectively) violated the covenant of good faith and fair dealing, causing untold damages to Plaintiffs who are entitled to recovery in an amount to be proven at trial.

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

## COUNT III

### FRAUDULENT MISREPRESENTATION
(ALL DEFENDANTS)

82.     Plaintiffs repeat, re-allege, and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

83.     Defendants CoreCivic and Drake Construction represented to Plaintiffs that they would fulfill their contractual obligations by tendering full payments to Plaintiffs once work at the subject Property had been completed by Plaintiffs.

84.     Defendants failed to satisfy their end of the bargain without cause.

85.     Plaintiffs reasonably relied upon Defendants' representation to their detriment and had no reason to know that such representation was false when made by Defendants.

86.     Defendants made false promises and representations to Plaintiffs regarding the terms of payment and project scope that influenced Plaintiffs' decision to engage in the work on the subject Property.

87.     Defendants intentionally and deliberately concealed important and critical information from Plaintiffs, such as the intention not to pay upon completion of the work, and the condition of the subject Property, prior to work commencement.

88.     Defendants herein refused to pay without valid reasons or in bad faith, especially when Plaintiffs have fulfilled their contractual obligations and made demand for payment in full.

89.     Plaintiffs are entitled to damages, including costs, attorney's fees, and accrued interest, in an amount to be proven at trial.

## COUNT IV

### UNJUST ENRICHMENT
(ALL DEFENDANTS)

- 13 -

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

90. Plaintiffs repeat, re-allege, and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

91. As described above, Defendants (individually and collectively) have knowingly benefited at the expense of Plaintiffs (and their business reputation) as a result of their improper retention of money that should have been paid to Plaintiffs upon completion of the work at the subject Property.

92. Plaintiffs have not been fully paid for their services, including material and labor costs.

93. The work performed by Plaintiffs at the subject Property benefited the Defendants.

94. Plaintiffs completed the work on the Property according to the parties' contractual agreement.

95. Plaintiffs have fulfilled their part of the bargain. Defendants have not.

96. Plaintiffs have been greatly prejudiced and harmed due to the protracted delay of full and final payment for nearly three-and-a-half years.

97. Defendants have unjustly enriched themselves, to Plaintiffs' detriment, by withholding the money that Plaintiffs are rightly entitled to, without cause (legal or otherwise).

98. Plaintiffs are entitled to damages, including costs, attorney's fees, and accrued interest, in an amount to be proven at trial.

## COUNT V

### QUANTUM MERUIT
(ALL DEFENDANTS)

99. Plaintiffs repeat, re-allege, and hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

100. Alternatively, should a jury determine that the agreement or contract existing between the Defendants and the Plaintiffs did not amount to a valid contract (express or implied), nonetheless,

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

a valid quasi-contract concerning the services to be performed and materials to be provided to the subject Property ("mancamp" project) on or about August 31, 2022, **did** exist.

101.    That Defendants initially requested that Plaintiffs provide services and materials to the Property specified in ¶¶'s 31-37 above.

102.    That the Defendants agreed to pay Plaintiffs a reasonable sum for the services and materials provided to the subject Property.

103.    That Defendants unilaterally changed the terms and conditions of the services Plaintiffs would be providing, increasing the amount of work required of Plaintiffs. Nonetheless, despite the increases, Plaintiffs incurred costs, expenses, and labor for completion of the project, for which Defendants were obligated to pay.

104.    That Plaintiffs completed these additional services on, and provided additional materials to, the Property (specified herein).

105.    That despite not having paid for the completed work, Defendants called Plaintiffs back to the Property at later dates to remediate damage done by a different vendor/company to water supply lines previously installed by Plaintiffs.

106.    That Plaintiffs conferred benefits through the provision of materials and services to Defendants (described and detailed herein).

107.    That Defendants knowingly benefited from the performance of such work.

108.    That Defendants knowingly accepted and appreciated the benefits of the initial services and materials, and of the additional services and materials, provided by Plaintiffs.

109.    That Defendants knowingly accepted and appreciated the benefits of the remedial work upon the water supplies lines (specified in ¶¶'s  41-44) that Plaintiffs completed.

110.    That Defendants had reasonable notice and reasonable expectations that Plaintiffs would complete the aforementioned services and provide the aforementioned materials.

111.    That Defendants had reasonable notice and reasonable expectations that Plaintiffs would expect compensation for the aforementioned services and materials.

112.    That, to date, Plaintiff has been compensated for a small fraction of the materials and services provided.

113.    That a gross disparity exists between the value of services and materials rendered by Plaintiffs, and the compensation for such materials and services rendered by Defendants.

114.    That in their failure to compensate Plaintiffs for services and materials provided, Defendants have been unjustly enriched.

115.    That Plaintiffs are entitled to recompense in an amount equal to the reasonable value of the services and materials rendered under the doctrine of *quantum meruit*, in an amount to be proven at trial.

## CONCLUSION

**WHEREFORE**, Plaintiffs herein, pray for judgment against Defendants; (i) DRAKE CONSTRUCTION, LLC; (ii) NATE NEUVIRTH; (iii) JEFFREY HOFF; (iv) MIKE NEUVIRTH; (v) CORECIVIC, INC.; and (vi) JOHN AND JANE DOE'S 1-10, in an amount to be proven at trial for all of their damages as follows:

a. For compensatory damages;

b. Punitive damages;

c. Fees and costs (including attorney's fees);

d. Pre and post-judgment interest;

e. Lost income including, including loss of future income; and

f. For such other and further relief as the Court deems just and proper.

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

Plaintiffs also allege and assert that they seek redress in an amount under seventy five thousand dollars (”75,000.00”).

Respectfully Submitted,

*/s/ George Anthony Bleus, Esq.*
George Anthony Bleus, Esq
Attorneys at Law
6624 Gulton Court, NE
Albuquerque, NM 87109
(505) 884-9300 Office
(505) 884-9305 Fax
Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on January 29, 2026, a true copy of the foregoing was filed electronically through the Pacer File & Serve System which caused an endorsed copy to be served by electronic means to counsel of record as follows:

Daniel P. Struck, Esq.
Madison N. Schimek, Esq.
Jacob B. Lee, Esq
Stuck Love Acedo, PLC
3100 W. Ray Road, Suite 300,
Chandler, AZ 85226
Tel: 480-420-1600
Fax: 480-420-1696
dstruck@strucklove.com
mschimek@strucklove.com
Jlee@strucklove.com

And

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants CoreCivic and Torrance County Detention Center*

- 17 -
FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY

Dyea Reynolds, Esq.
Leah M. Stevens-Block, Esq.
Jackson Loman Downey & Stevens-Block, P.C.
201 3rd St NW, Albuquerque, NM 87102
Tel.: 505-767-0577
dyea@jacksonlomanlaw.com
leah@jacksonlomanlaw.com
Attorneys for Drake Construction, LLC, Nate Neuvirth and Mike LNU (Neuvirth)

FIRST AMENDED COMPLAINT
1:25- CV- 01169-DLM-SCY