IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GHOLAMALI HALVAEI,
FAYE HALVAEI, and
NJA PLUMBING & HEATING, INC.

          Plaintiffs,

vs.

DRAKE CONSTRUCTION, LLC;
NATE NEW VIRTH; JEFFREY HOFF;
MIKE (LAST NAME UNKNOWN);
CORECIVIC, INC.;
TORRANCE COUNTY DETENTION CENTER;
and JOHN AND JANE DOE'S 1-10,

          CoreCivic.

NO. 25-cv-01169-MIS-SCY

## CORECIVIC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUDULENT MISREPRESENTATION, UNJUST ENRICHMENT AND QUANTUM MERUIT

Defendant CoreCivic, Inc. ("CoreCivic") through counsel, for its Answer to Plaintiffs' First Amended Complaint ("Complaint"), denies each allegation and each claim for relief contained in Plaintiffs' Complaint which is not expressly admitted or otherwise pled to. CoreCivic admits, denies, and alleges as follows:

1.     In answering Paragraph 1 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

2.     In answering Paragraph 2 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

1

3.  In answering Paragraph 3 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

4.  In answering Paragraph 4 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

5.  In answering Paragraph 5 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

6.  In answering Paragraph 6 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

7.  In answering Paragraph 7 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

8.  In answering Paragraph 8 of Plaintiffs' First Amended Complaint, CoreCivic admits only that it is a private corporation which manages and operates correctional and detention facilities in the United States and Kennedy, Moulton & Wells, P.C. is a registered statutory agent for CoreCivic located in Albuquerque, New Mexico. CoreCivic denies the remaining allegations.

9.  CoreCivic admits Paragraph 9 of Plaintiffs' First Amended Complaint.

10.  In answering Paragraph 10 of Plaintiffs' First Amended Complaint CoreCivic admits only that it owns and operates correctional and detention facilities throughout the United States pursuant to various correctional and detention service agreements with its government partners. CoreCivic denies the remaining allegations.

11. In answering Paragraph 11 of Plaintiffs' First Amended Complaint, CoreCivic admits only that it owns and operates Torrance County Detention Facility ("TCDF") located in Estancia, New Mexico pursuant to various correctional and detention service agreements with its government partners. CoreCivic denies the remaining allegations.

12. Paragraph 12 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given.

13. Paragraph 13 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

14. In answering Paragraph 14 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

15. Paragraph 15 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

16. CoreCivic denies Paragraph 16 of Plaintiffs' First Amended Complaint.

17. Paragraph 17 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

18. Paragraph 18 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

19. Paragraph 19 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

20.     In answering Paragraph 20 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

21.     CoreCivic admits Paragraph 21 of Plaintiffs' First Amended Complaint. By so admitting, CoreCivic admits neither the validity of the claims nor the sufficiency of the allegations, both of which are denied.

## STATEMENT OF MATERIAL FACTS
## COMMON TO ALL COUNTS

22.     In answering Paragraph 22 of Plaintiffs' First Amended Complaint, CoreCivic re-asserts its answers to the foregoing Paragraphs as if set forth fully herein.

23.     In answering Paragraph 23 of Plaintiffs' First Amended Complaint, CoreCivic admits only that Salt Missions RV Park is located at 600 4th Street in Estancia, New Mexico. CoreCivic denies the remaining allegations.

24.     In answering Paragraph 24 of Plaintiffs' First Amended Complaint, CoreCivic admits only that during the time relevant to Plaintiffs' First Amended Complaint, CoreCivic owned lots 61–63 at Salt Missions RV Park ("Property"). CoreCivic denies the remaining allegations.

25.     CoreCivic denies Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     In answering Paragraph 26 of Plaintiffs' First Amended Complaint, CoreCivic admits only that in 2022 it owned and operated TCDF pursuant to various correctional and detention service agreements with its government partners. CoreCivic denies the remaining allegations.

27.     In answering Paragraph 27 of Plaintiffs' First Amended Complaint, CoreCivic admits only that in 2022 it owned and operated TCDF pursuant to various correctional and detention service agreements with its government partners. CoreCivic denies the remaining

4

allegations.

28.     In answering Paragraph 28 of Plaintiffs' First Amended Complaint, CoreCivic admits that it contracted with Drake Construction, LLC ("Drake") for construction work at the Property.

29.     In answering Paragraph 29 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

30.     In answering Paragraph 30 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

31.     Paragraph 31 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

32.     Paragraph 32 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

33.     Paragraph 33 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

34.     Paragraph 34 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth

of the allegations, and on that basis, denies the allegations .

35.     CoreCivic denies Paragraph 35 of Plaintiffs' First Amended Complaint.

36.     In answering Paragraph 36 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

37.     In answering Paragraph 37 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

38.     CoreCivic denies Paragraph 38 of Plaintiffs' First Amended Complaint.

39.     CoreCivic denies Paragraph 39 of Plaintiffs' First Amended Complaint.

40.     CoreCivic denies Paragraph 40 of Plaintiffs' First Amended Complaint.

41.     Paragraph 41 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

42.     In answering Paragraph 42 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

43.     In answering Paragraph 43 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

44.     CoreCivic denies Paragraph 44 of Plaintiffs' First Amended Complaint.

45.     CoreCivic denies Paragraph 45 of Plaintiffs' First Amended Complaint.

46.     CoreCivic denies Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     CoreCivic denies Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     CoreCivic denies Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     Paragraph 49 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

50.     CoreCivic denies Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Paragraph 51 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

52.     Paragraph 52 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

53.     CoreCivic denies Paragraph 53 of Plaintiffs' First Amended Complaint.

54.     CoreCivic denies Paragraph 54 of Plaintiffs' First Amended Complaint.

55.     CoreCivic denies Paragraph 55 of Plaintiffs' First Amended Complaint.

56.     CoreCivic denies Paragraph 56 of Plaintiffs' First Amended Complaint.

57.     CoreCivic denies Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     CoreCivic denies Paragraph 58 of Plaintiffs' First Amended Complaint.

59.     CoreCivic denies Paragraph 59 of Plaintiffs' First Amended Complaint.

## COUNT I

### BREACH OF CONTRACT
(ALL DEFENDANTS)

60.     In answering Paragraph 60 of Plaintiffs' First Amended Complaint, CoreCivic re-asserts its answers to the foregoing paragraphs as if set forth fully herein.

61.     Paragraph 61 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic admits only that during the time relevant to Plaintiffs' First Amended Complaint, CoreCivic owned the Property and that it contracted with Drake for construction work at the Property. CoreCivic denies the remaining allegations.

62.     In answering Paragraph 62 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

63.     In answering Paragraph 63 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

64.     CoreCivic denies Paragraph 64 of Plaintiffs' First Amended Complaint.

65.     CoreCivic denies Paragraph 65 of Plaintiffs' First Amended Complaint.

66.     CoreCivic denies Paragraph 66 of Plaintiffs' First Amended Complaint.

67.     CoreCivic denies Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     CoreCivic denies Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     CoreCivic denies Paragraph 69 of Plaintiffs' First Amended Complaint.

70.     CoreCivic denies Paragraph 70 of Plaintiffs' First Amended Complaint.

## COUNT II
**BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING**
(ALL DEFENDANTS)

71.     In answering Paragraph 71 of Plaintiffs' First Amended Complaint, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

72.     CoreCivic denies Paragraph 72 of Plaintiffs' First Amended Complaint.

73.     Paragraph 73 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required,

CoreCivic denies the allegations.

74. CoreCivic denies Paragraph 74 of Plaintiffs' First Amended Complaint.

75. CoreCivic denies Paragraph 75 of Plaintiffs' First Amended Complaint.

76. CoreCivic denies Paragraph 76 of Plaintiffs' First Amended Complaint.

77. Paragraph 77 of Plaintiffs' First Amended Complaint is not directed to this answering Defendant, such that no response is required and none is given. To the extent that a response is required, CoreCivic denies the allegations.

78. CoreCivic denies Paragraph 78 of Plaintiffs' First Amended Complaint.

79. CoreCivic denies Paragraph 79 of Plaintiffs' First Amended Complaint, including all subparts.

80. CoreCivic denies Paragraph 80 of Plaintiffs' First Amended Complaint.

81. CoreCivic denies Paragraph 81 of Plaintiffs' First Amended Complaint.

## COUNT III

### FRAUDULENT MISREPRESENTATION
(ALL DEFENDANTS)

82. In answering Paragraph 82 of Plaintiffs' First Amended Complaint CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

83. CoreCivic denies Paragraph 83 of Plaintiffs' First Amended Complaint.

84. CoreCivic denies Paragraph 84 of Plaintiffs' First Amended Complaint.

85. CoreCivic denies Paragraph 85 of Plaintiffs' First Amended Complaint.

86. CoreCivic denies Paragraph 86 of Plaintiffs' First Amended Complaint.

87. CoreCivic denies Paragraph 87 of Plaintiffs' First Amended Complaint.

88. CoreCivic denies Paragraph 88 of Plaintiffs' First Amended Complaint.

89. CoreCivic denies Paragraph 89 of Plaintiffs' First Amended Complaint.

## COUNT IV

### UNJUST ENRICHMENT
(ALL DEFENDANTS)

90.     In answering Paragraph 90 of Plaintiffs' First Amended Complaint CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

91.     CoreCivic denies Paragraph 91 of Plaintiffs' First Amended Complaint.

92.     In answering Paragraph 92 of Plaintiffs' First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

93.     CoreCivic denies Paragraph 93 of Plaintiffs' First Amended Complaint.

94.     CoreCivic denies Paragraph 94 of Plaintiffs' First Amended Complaint.

95.     CoreCivic denies Paragraph 95 of Plaintiffs' First Amended Complaint.

96.     CoreCivic denies Paragraph 96 of Plaintiffs' First Amended Complaint.

97.     CoreCivic denies Paragraph 97 of Plaintiffs' First Amended Complaint.

98.     CoreCivic denies Paragraph 98 of Plaintiffs' First Amended Complaint.

## COUNT V

### QUANTUM MERUIT
(ALL CORECIVIC)

99.     In answering Paragraph 99 of Plaintiffs' First Amended Complaint CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

100.     Paragraph 100 of Plaintiffs' First Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

101.     CoreCivic denies Paragraph 101 of Plaintiffs' First Amended Complaint and re-asserts its answers to ¶¶ 31–37 as if set forth fully herein.

102.     CoreCivic denies Paragraph 102 of Plaintiffs' First Amended Complaint.

103.     CoreCivic denies Paragraph 103 of Plaintiffs' First Amended Complaint.

104.    CoreCivic denies Paragraph 104 of Plaintiffs' First Amended Complaint.

105.    CoreCivic denies Paragraph 105 of Plaintiffs' First Amended Complaint.

106.    CoreCivic denies Paragraph 106 of Plaintiffs' First Amended Complaint.

107.    CoreCivic denies Paragraph 107 of Plaintiffs' First Amended Complaint.

108.    CoreCivic denies Paragraph 108 of Plaintiffs' First Amended Complaint.

109.    CoreCivic denies Paragraph 109 of Plaintiffs' First Amended Complaint.

110.    CoreCivic denies Paragraph 110 of Plaintiffs' First Amended Complaint.

111.    CoreCivic denies Paragraph 111 of Plaintiffs' First Amended Complaint.

112.    CoreCivic denies Paragraph 112 of Plaintiffs' First Amended Complaint.

113.    CoreCivic denies Paragraph 113 of Plaintiffs' First Amended Complaint.

114.    CoreCivic denies Paragraph 114 of Plaintiffs' First Amended Complaint.

115.    CoreCivic denies Paragraph 115 of Plaintiffs' First Amended Complaint.

## CONCLUSION

CoreCivic denies all allegations of wrongdoing against it and denies that Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

1.    As a separate defense and in the alternative, CoreCivic alleges that it is entitled to all privileges and immunities existing under New Mexico law.

2.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims may be barred by the applicable statute of limitations.

3.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

4.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred by operation of the statute of frauds.

5.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs'

claims are barred by the doctrine of waiver.

6.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred to the extent weather, water, and other conditions on the jobsite were expressly excepted from risk by the terms of the alleged contract at issue (which was not a contract with CoreCivic) and such conditions were accepted by Plaintiffs at their risk, so the claimed changed site conditions do not amount to a breach of contract or entitle Plaintiffs to damages under a theory of breach of contract, quantum meruit, or unjust enrichment.

7.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

8.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred for failure to abide by contract terms.

9.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims for additional work are waived by Plaintiffs' failure to abide by the terms of the contract and specifications at issue.

10.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred due to their unilateral mistake in bidding and fulfilling the terms of the contract at issue.

11.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred due to their abandonment of the Project.

12.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred, as they are estopped from claiming there were changed conditions at the Project site.

13.    As a separate defense and in the alternative, CoreCivic alleges that due to Plaintiffs' and/or their agents' own comparative bad faith and/or contributory fault, Plaintiffs have waived and relinquished, or are estopped from asserting, every claim for relief asserted in

the First Amended Complaint.

14. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs have failed to satisfy all conditions precedent to receipt of any additional payments under the contract at issue.

15. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs are barred and estopped by the doctrine of unclean hands from seeking or obtaining any recovery against CoreCivic.

16. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs are not entitled to attorneys' fees or damages in the amount of future benefits pursuant to any of the claims for relief alleged in Plaintiffs' First Amended Complaint.

17. As a separate defense and in the alternative, CoreCivic alleges that the damages, if any, incurred by Plaintiffs are not attributable to any act, conduct, or omission on the part of CoreCivic.

18. As a separate defense and in the alternative, CoreCivic denies that it breached any contractual obligation or warranty owed to Plaintiffs with regard to this Project.

19. As a separate defense and in the alternative, CoreCivic denies that it had a contract with Plaintiffs, express or implied, with regard to this Project and asserts that it cannot be held liable for a contract Plaintiffs had with a third party.

20. As a separate defense and in the alternative, CoreCivic alleges Plaintiffs have failed to mitigate their damages, if any.

21. As a separate defense and in the alternative, CoreCivic alleges Plaintiffs' claimed damages, if any, were caused by an independent intervening or superseding cause for which CoreCivic is not liable.

22. As a separate defense and in the alternative, CoreCivic alleges that any and all alleged damages sustained by Plaintiffs, if any, were the result of the unforeseeable and

uncontrollable acts of God, other forces of nature, or natural causes.

23. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs and/or other defendants were cognizant and aware of all facts, circumstances, and conditions which existed at all relevant times mentioned in the First Amended Complaint, and in accordance therewith consented to, permitted, acquiesced, actively encouraged, and/or voluntarily assumed the risk therefrom and intended thereto.

24. As a separate defense and in the alternative, CoreCivic alleges that some or all of Plaintiffs' claims may be barred by the doctrines of estoppel and ratification.

25. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' alleged damages may be overstated, unnecessary, exaggerated, and unreasonable.

26. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claims are barred by the doctrines of abatement, setoff, and failure of consideration.

27. As a separate defense and in the alternative, CoreCivic alleges that any acts or omissions by it were not a substantial factor in causing Plaintiffs' alleged damages.

28. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' damages, if any, were caused by a third party over whom CoreCivic had no control.

29. As a separate defense and in the alternative, CoreCivic alleges that it is severally liable, if at all, only for that portion of the breach, if any, that can be attributed to it.

30. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' losses and/or damages, if any, were the result of the acts and/or omissions of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by CoreCivic.

31. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claim for fraudulent misrepresentation is barred because CoreCivic did not make any fraudulent misrepresentation of material fact to Plaintiffs.

32. As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs'

claim for fraudulent misrepresentation is barred because any alleged misrepresentation (which is expressly denied) was not material and/or was true at the time it was made.

33.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claim for fraudulent misrepresentation is barred because CoreCivic lacked any knowledge of the alleged falsity and did not act with intent to defraud.

34.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claim for fraudulent misrepresentation is barred because Plaintiffs did not actually or justifiably rely on any alleged representation by CoreCivic.

35.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claim for fraudulent misrepresentation is barred because any reliance by Plaintiffs was unreasonable and/or not justified under the circumstances.

36.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs' claim for fraudulent misrepresentation is barred because Plaintiffs suffered no damages as a result of any alleged misrepresentation by CoreCivic.

37.    As a separate defense and in the alternative, CoreCivic alleges that there exists no conduct in this case that was willful, malicious, reckless, or wanton with respect to the rights of Plaintiffs, thereby precluding punitive damages.

38.    As a separate defense and in the alternative, CoreCivic alleges that the damages alleged were caused or contributed to by the voluntary and/or intentional acts of Plaintiffs, thereby reducing or eliminating any damages recoverable by Plaintiffs.

39.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs failed to mitigate their alleged damages, thereby reducing or eliminating any damages owed by CoreCivic.

40.    As a separate defense and in the alternative, CoreCivic alleges that Plaintiffs cannot prove any actual or compensatory damages.

41.     CoreCivic reserves the right to assert additional affirmative defenses as discovery proceeds and as may be warranted by the facts developed in this case pursuant to Federal Rules of Civil Procedure 8 and 12, should subsequent discovery disclose facts in support of them, including, but not limited to: laches, release, fraud, res judicata, estoppel, and waiver.

## DEMAND FOR JURY TRIAL

CoreCivic demands a 12-person jury trial on all triable issues.

**WHEREFORE**, CoreCivic respectfully request that:

A.     Plaintiffs' First Amended Complaint be dismissed with prejudice, and that Plaintiffs take nothing therein;

B.     CoreCivic be awarded costs, expenses, and attorneys' fees; and

C.     CoreCivic be awarded such other and further relief as this court deems just and equitable.

Dated:  February 12, 2026

/s/ Madison N. Schimek
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Madison N. Schimek, AZ Bar No. 038627
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
jlee@strucklove.com
mschimek@strucklove.com


Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200

16

Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc. and
Torrance County Detention Facility*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George Anthony Bleus, Esq.
BLEUS & ASSOCIATES, LLC
6624 Gulton Court NE
Albuquerque, NM 87109
Tel.: (505) 884-9300
Fax: (505) 884-9305
bleusandassociates@gmail.com

*Attorneys for Plaintiffs*

Dyea. Reynolds
Leah M. Stevens-Block
JACKSON LOMAN DOWNEY &
STEVENS-BLOCK, P.C.
201 Third Street NW, Suite 1500
Albuquerque, NM 87102
Tel. (505)767-0577
dyea@jacksonlomanlaw.com
leah@jacksonlomanlaw.com

*Attorneys for CoreCivic Drake Construction, LLC,*
*Nate Neuvirth, and Mike Neuvirth*

/s/ Allen Rowley