**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GHOLAMALI HALVAEI,
FAYE HALVAEI, and
NJA PLUMBING & HEATING, INC.

        **Plaintiffs,**

v.                                **Case No. 1:25-cv-01169-MIS-SCY**

DRAKE CONSTRUCTION, LLC;
NATE NEWVIRTH; JEFFREY HOFF;
MIKE (LAST NAME UNKNOWN);
CORE CIVIC, INC.;
TORRANCE COUNTY DETENTION CENTER; and
JOHN AND JANE DOE'S 1-10,

        **Defendants.**

## DEFENDANTS' DRAKE CONSTRUCTION, LLC, NATE NEWVIRTH AND MIKE NEWVIRTH'S ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW** Defendants Drake Construction. LLC ("Drake"), Nate Newvirth and Mike Newvirth,(collectively "Drake Defendants"), by and through its counsel of record Jackson Loman Downey & Stevens-Block, P.C. (Dyea Reynolds and Leah M. Stevens-Block), and answers Plaintiffs' First Amended Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Misrepresentation, Unjust Enrichment and Quantum Meruit (the "Amended Complaint")[Doc. 23], as follows:

1.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 1 and therefore deny the same and demands strict proof thereof.

2.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 2 and therefore deny the same and demand strict proof thereof.

3.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 3 and therefore deny the same and demand strict proof thereof.

4.      Drake Defendants deny in part the allegations in Paragraph 4 and state that Drake Construction, LLC, is a Wyoming limited liability company.

5.      Drake Defendants deny in part allegations in Paragraph 5 and state that Nate Neuvirth is a resident of Windsor, Colorado.

6.      Drake Defendants deny in part allegations in Paragraph 6 and state that Jeffrey Hoff is a resident of Windsor, Colorado.

7.      Drake Defendants deny in part allegations in Paragraph 6 and state that Mike Neuvirth is a resident of Windsor, Colorado.

8.      Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 8 and therefore deny the same and demand strict proof thereof.

9.      Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 9 and therefore deny the same and demand strict proof thereof.

10.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 10 and therefore deny the same and demand strict proof thereof.

11.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 11 and therefore deny the same and demand strict proof thereof.

12.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 12 and therefore deny the same and demand strict proof thereof.

13.     Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 15 is denied.

16.	Paragraph 16 is denied.

17.	Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 17 is denied.

18.	Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 18 is denied.

19.	Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 19 is denied.

20.	Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 20 and therefore deny the same and demand strict proof thereof.

21.	Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 21 is denied.

## STATEMENT OF MATERIAL FACTS COMMON TO ALL COUNTS

22.	Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

23.	Drake Defendants admit only that Salt Missions RV Park is located at 600 4th Street in Estancia, New Mexico. The remaining allegations in Paragraph 23 are denied.

24.	Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 24 and therefore deny the same and demand strict proof thereof.

25.	Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 25 and therefore deny the same and demand strict proof thereof.

26.	Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 26 and therefore deny the same and demand strict proof thereof.

27.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 27 and therefore deny the same and demand strict proof thereof.

28.     Drake Defendants admits only that it was hired as a contractor to perform work at the Property.

29.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 29 and therefore deny the same and demand strict proof thereof.

30.     Drake Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 30 and therefore deny the same and demand strict proof thereof.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 33 is denied.

34.     Drake Defendants admit that NJA Plumbing performed work on the subject Property. The remaining allegations are denied.

35.     Drake Defendants admit that the scope of work included providing plumbing for the Project, but that scope is not accurately reflected in Paragraph 35. Accordingly, Paragraph 35 is denied.

36.     Paragraph 36 is denied.

37.     Paragraph 37 is denied.

38.     Paragraph 38 is denied.

39.     Paragraph 39 is denied.

40.     Paragraph 40 is denied.

4

41.     Drake Defendants admit that they were forced to hire a replacement contractor due to NJA Plumbing's lack of license to perform portions of the scope of work. The remaining allegations in Paragraph 41 are denied.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Paragraph 45 is denied.

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Drake Defendants admit that Plaintiff NJA Heating & Cooling made a demand for payment. The remaining allegations are denied.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

52.     The factual allegations contained in Paragraph 52 states are denied. Paragraph 50 also states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is denied.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

## COUNT I: BREACH OF CONTRACT

60.     Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is denied.

63.     Paragraph 63 is denied.

64.     Paragraph 64 is denied.

65.     Paragraph 65 is denied.

66.     Paragraph 66 is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is denied.

70.     Paragraph 70 is denied.

## COUNT II: BREACH OF THE COENANT OF GOOD FAITH AND FAIR DEALING

71.     Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

72.     Paragraph 72 is denied.

73.     Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is denied.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

## COUNT III: FRAUDULENT MISREPRESENTATION

82.     Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

83.     Paragraph 83 is denied.

84.     Paragraph 84 is denied.

85.     Paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     Paragraph 89 is denied.

## COUNT IV: UNJUST ENRICHMENT

90.     Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

91.     Paragraph 91 is denied.

92.     Paragraph 92 is denied.

93.     Paragraph 93 is denied.

94.     Paragraph 94 is denied.

95.     Paragraph 95 is denied.

96.     Paragraph 96 is denied.

97.     Paragraph 97 is denied.

98.     Paragraph 98 is denied.

## COUNT V: QUANTUM MERUIT

99.     Drake Defendants incorporate their answers to all prior Paragraphs as if fully stated herein.

100.    Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required Paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 is denied.

106.    Paragraph 106 is denied.

107.    Paragraph 107 is denied.

108.    Paragraph 108 is denied.

109.    Paragraph 109 is denied.

110.    Paragraph 110 is denied.

111.    Paragraph 111 is denied.

112.    Paragraph 112 is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

## CONCLUSION

Drake Defendants deny any and all liability and allegations of wrongdoing.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Drake Defendants deny the existence of a contract but to the extent a contract does exist, Plaintiffs' prior breach of contract excused Drake Defendants' performance. Plaintiffs' claims are barred by NJA Plumbing & Heating, Inc.'s own material breach.

3.      Plaintiffs' claims for nonpayment under the alleged construction contract are barred or limited because any work performed by Plaintiffs was defective, deficient, or otherwise failed to meet the standards, specifications, or requirements set forth in the alleged contract.

4.      Plaintiffs' claims are barred or reduced in part as a result of their own voluntary or fraudulent conduct, their own comparative fault, bad faith, acts, omissions, and contributory conduct and not by any act or omission of Drake Defendants. Further, by virtue of their conduct, representations, and course of dealing, Plaintiffs have waived and relinquished, and are estopped from asserting, the claims for relief alleged in the Amended Complaint.

5.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification, and/or laches.

6.      Plaintiffs lack injuries or damages.

7.      Plaintiffs failed to mitigate any alleged damages.

8.      Any damages or injuries sustained or complained of by Plaintiffs were not proximately caused by actions or omissions attributed to Drake Defendants.

9.      Plaintiffs were not entitled to payment.

9

10.     Plaintiffs' claims are barred, in whole or in part, because the Drake Defendants were prevented or hindered from performing any alleged contractual obligations by the acts or omissions of another party.

11.     Any amount otherwise due to Plaintiffs, which is expressly denied, must be offset against any amounts legitimately due to Defendants.

12.     Drake Defendants dispute the existence of a contract and states that there was no meeting of the minds between the parties regarding essential elements of the contract.

13.     Plaintiffs' claims are barred, in whole or in part, because the alleged contract lacked valid consideration.

14.     Any alleged contract or obligation is unenforceable because the person or entity purportedly acting on behalf of the Drake Defendants lacked actual, apparent, or implied authority to enter into the agreement or authorize payment on their behalf.

15.     Plaintiffs failed to satisfy conditions precedent to receipt of any additional payment.

16.     The individual Plaintiffs were not parties to the alleged contract and lack standing.

17.     Plaintiffs' claims may be barred by the applicable statute of limitations.

18.     Plaintiffs' request for attorney's fees is barred, in whole or in part, because Plaintiffs have failed to plead or establish any contractual, statutory, or other legally cognizable basis entitling them to recover attorney's fees from Drake Defendants.

19.     Plaintiffs' claims are barred or limited because Drake Defendants' performance, to the extent performance was required, was prevented, delayed, or rendered impossible or commercially impracticable due to force majeure events and circumstances beyond Drake Defendants' control, thereby excusing performance in whole or in part.

10

20.     Plaintiffs knew of the facts underlying the alleged misrepresentation, or had the opportunity to discover them, and voluntarily assumed the risks associated therewith.

21.     Any alleged misrepresentation was either true when made, or any inaccuracy was timely corrected, disclosed, or otherwise rectified prior to any reliance by Plaintiffs, thereby barring or limiting their claims

22.     By their conduct, representations, and course of dealing, Plaintiffs have waived, relinquished, or are estopped from asserting claims for fraudulent misrepresentation.

23.     Drake Defendants reserve the right to assert further affirmative defenses as the scope of Plaintiffs' claims are elucidated during the course of investigation and discovery.

24.     Any allegation not specifically admitted in Drake Defendants' Plaintiffs' First Amended Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Misrepresentation, Unjust Enrichment and Quantum Meruit Answer to is expressly denied.

Respectfully submitted,

**JACKSON LOMAN DOWNEY & STEVENS-BLOCK, P.C.**

  */s/ Dyea Reynolds*
Dyea. Reynolds
Leah M. Stevens-Block
201 Third Street NW, Suite 1500
Albuquerque, NM 87102
(505)767-0577
dyea@jacksonlomanlaw.com
leah@jacksonlomanlaw.com
*Attorneys for Defendants Drake Construction, LLC, Nate Neuvirth, and Mike Neuvirth*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of February, 2026, I filed the foregoing notice electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Dyea Reynolds*
Dyea Reynolds